# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:16CV068-RJC-DSC

| | |
|---|---|
| **LESLIE LEE MEADOWS,** </br> Plaintiff, </br> </br> vs. </br> </br> **NANCY A. BERRYHILL,**[1] </br> **Commissioner of Social** </br> **Security Administration,** </br> Defendant. | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Judgment on the Pleadings" (document #9) and Defendant's "Motion for Summary Judgment" (document #15), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.[2]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Judgment on the Pleadings be <u>denied</u>; that Defendant's Motion for Summary Judgment be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the Defendant herein. No further action needs to be taken pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Pursuant to the Text-Only Social Security Scheduling Order entered on August 8, 2016, Plaintiff was entitled to file a response brief on or before February 21, 2017. Plaintiff did not file a response.

1

# I. PROCEDURAL HISTORY

In May 2014, Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") alleging that he became disabled on November 27, 2013 (Tr. 208, 216), due to degenerative disc disease, "blood clot disease," and atrial fibrillation (Tr. 247). The application was denied initially and upon reconsideration. (Tr. 118, 131, 139). Plaintiff requested a hearing which was held on October 20, 2015. (Tr. 40). In a brief submitted before the hearing, Plaintiff amended his alleged disability date to January 29, 2014 (Tr. 228).

On December 23, 2015, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. (Tr. 26-34). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his amended onset date (Tr. 28). The ALJ also found that Plaintiff suffered from status post three lumbar surgeries, which was a severe impairment within the meaning of the regulations id., but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 28-29). The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[3] to perform a full range of sedentary work.[4] (Tr. 30).

At step four, the ALJ found that Plaintiff was unable to perform his past work as a truck driver. (Tr. 33).

Based upon Plaintiff's RFC, age, education and work experience, the ALJ found that Medical-Vocational Rule 201.21 directed a finding of not disabled. (Tr. 33-34) Accordingly, the

---

[3]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[4]Sedentary work involves lifting no more than ten pounds at a time and occasional lifting or carrying of articles like docket files, ledgers, and small tools. 20 C.F.R.§§ 404.1567(a), 416.967(a). Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Id. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. Id.

ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Id.

On April 21, 2016, the Appeals Council denied Plaintiff's Request for Review. (Tr. 1-14).

Plaintiff filed the present action on April 28, 2016. He assigns error to the ALJ's evaluations of his RFC and the opinion of treating neurosurgeon Dr. Alexander Powers. Plaintiff's "Memorandum … in Support …" at 3 (document #10). Plaintiff also contends that the ALJ abused his discretion by offering him a closed period of disability and then finding him not disabled. Id.

The parties' Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome − so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[5] as that term of art is defined for Social Security purposes. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p at *2. However, it is the claimant's burden to establish his RFC by demonstrating how those impairments impact his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to

---

[5]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

The Fourth Circuit has held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. It is only after that function-by-function analysis has been completed that the RFC may "be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id. The ALJ's RFC determination here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history.

Plaintiff challenges the ALJ's evaluation of opinions from treating neurosurgeon Dr. Alexander Powers. The Fourth Circuit has held that a treating physician's opinion need not be afforded controlling weight. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). A treating physician's opinion on the nature and severity of an alleged impairment is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2) (2002); and Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Therefore, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is

5

inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro, 270 F.3d. at 178 (citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

Plaintiff relies on Dr. Powers' September 14, 2015 statement that he was unable to lift ten pounds and had other limitations prior to surgery. Following the surgery, Dr. Powers opined in October 2015 that Plaintiff was able to walk normally without an assistive device and had full, symmetrical, bilateral muscle strength in his upper and lower extremities. (Tr. 597). Dr. Powers also opined that Plaintiff could lift ten pounds—the exertional requirement of sedentary work— and that his condition was expected to improve. The ALJ noted that the twisting and bending limitations that Dr. Powers imposed in October 2015 were only prescribed for four weeks and did not reflect Plaintiff's ongoing functional ability. (Tr. 32; *see also* Tr. 598). The ALJ explained that he did not adopt these postural limitations "based on the evidence as a whole" (Tr. 32), which included normal examination findings. The ALJ cited the lack of any restrictive limitations being recommended by Plaintiff's treating providers. (Tr. 29-32). The ALJ also cited the opinions of the state agency medical consultants who found that Plaintiff could perform medium work. (Tr. 33).

The ALJ's finding that Plaintiff's complaints of totally disabling symptoms were not entirely credible is supported by substantial evidence. Plaintiff does not challenge this finding. Plaintiff complained that he could stand for only ten to fifteen minutes at a time and walk the length of a parking lot. The ALJ cited Dr. Powers' opinion that even while awaiting his third surgery to repair a fractured rod, Plaintiff had no limitations in standing, walking, or sitting. (Tr. 623). The ALJ noted that although Plaintiff complained he was unable to lift a bottle of soda, Dr. Powers' post-surgery opinion in October 2015 was that he could lift up to ten pounds. This restriction was limited to the four weeks following surgery. (Tr. 32; *see also* Tr. 598). Similarly, Dr. Powers' discharge examination in October 2015 showed that Plaintiff was alert and oriented,

walked normally without need of an assistive device, had full and symmetrical strength in his upper and lower extremities, and sensation to light touch. (Tr. 597). Since the ALJ properly concluded that Plaintiff's complaints of totally disabling limitations were not fully credible, he was not required to adopt those limitations in the RFC assessment. See, e.g., Mastro v. Apfel, No. 00-1105, 270 F.3d 171, 178 (4th Cir. 2001) (affirming ALJ's accordance of minimal weight to a medical opinion "based largely upon the claimant's self-reported symptoms); Reiser v. Colvin, No. 5:14-CV-850-FL, 2016 WL 1183092, at *5 (E.D.N.C. Mar. 28, 2016); Schaller v. Colvin, No. 5:13-CV-334-D, 2014 WL 4537184, at *16 (E.D.N.C. Sept. 11, 2014) ("The ALJ properly assigned little weight to [the treating physician's] opinion because it was based primarily upon Claimant's subjective complaints."); Teague v. Astrue, No. 1:11-CV-198-MR-DSC, 2012 WL 1835668, at *4 (W.D.N.C. Apr. 26, 2012).

The ALJ properly assessed Plaintiff's RFC based on all the evidence of record, including Plaintiff's complaints and Dr. Powers' opinions.

Plaintiff assigns error to the ALJ's offer of a closed period of disability, from his amended disability date to the date of the ALJ's decision on December 29, 2015. Plaintiff rejected the offer. Plaintiff cites no authority in support of his argument that the ALJ's subsequent unfavorable decision amounted to an abuse of discretion.

Plaintiff points to a determination by Defendant's Disability Determination Services (DDS) finding him disabled as of December 30, 2015, under a subsequent benefits application, as evidence that the ALJ's offer of "a closed period was inappropriate in this case." Plaintiff's Memorandum at 10 (document #10). When a claimant submits evidence that was not presented to the ALJ, the district court may consider it only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). Atkinson v. Astrue, No. 5:10-CV-298-FL,

7

Case 5:16-cv-00068-RJC-DSC   Document 17   Filed 03/03/17   Page 7 of 10

2011 WL 3664346, at *14 (E.D.N.C. July 20, 2011). Under sentence six, "[t]he court [may]. . . order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Id. at 14 (quoting 42 U.S.C. § 405(g)). In Atkinson, the Court held that a subsequent award does not standing alone warrant a sentence-six remand. Atkinson, 2011 WL 3664346, at *16-17. See also Allen v. Comm'r of Soc. Sec., 561 F.3d 646, 654 (6th Cir. 2009) (remand was not warranted on the basis of a subsequent grant of benefits alone, since the subsequent grant of benefits could have been based on a new age classification, a worsening of the claimant's condition, or some other change); Howard v. Comm'r, Soc. Sec. Admin., No. SAG-10-3175, 2013 WL 588999, at * (D. Md. Feb. 13, 2013) (a sentence-six remand was not warranted where subsequent determination found onset date one day after the ALJ's decision because the plaintiff failed to provide evidence supporting the subsequent determination and therefore failed to prove the existence of new and material evidence); Johnson v. Astrue, No. 3:09-2458-JMC-JRM, 2010 WL 6089082, at *8 (D.S.C. Nov. 16, 2010) (relying on Allen and holding that a subsequent favorable decision standing alone does not warrant remand); Sayre v. Astrue, No. 3:09-01061, 2010 WL 491492, at 4 (S.D.W. Va. Nov. 29, 2010 (same); Dickson v. Astrue, No. 5:07-CV-28-HLJ, 2008 WL 829206, at *1 (E.D. Ark. Mar. 26, 2008) (holding "a different result on a subsequent application for disability is not material to the previous finding" despite determination of disability "as of . . . the day after the ALJ's decision"); Howard v. Astrue, No. 07-144-GWU, 2008 WL 108776, at *1 (E.D. Ky. Jan. 9, 2008) (new award "is not evidence of the plaintiff's condition on or before the date of the ALJ's decision. While counsel . . . suggests . . . that his client did not suddenly become disabled the day after the ALJ's decision, the fallacy in this argument is that the subsequent award of benefits says nothing about the

8

plaintiff's condition during the entire period being considered under the plaintiff's current application.").

Here, DDS determined that Plaintiff was disabled as of December 30, 2015, the day following the ALJ's decision. However, DDS did not reach that determination until approximately nine months after the ALJ's decision. Plaintiff presents no evidence submitted with the new application to show that he has met the requirements for a sentence-six remand. Under these circumstances, remand is not warranted.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Judgment on the Pleadings" (document #9) be **DENIED**; that Defendant's "Motion for Summary Judgment" (document #15) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: March 3, 2017

_____
David S. Cayer
United States Magistrate Judge