UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:16-cv-00068-RJC-DSC

| | |
|---|---|
| LESLIE LEE MEADOWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Judgment on the Pleadings and supporting memorandum, (Doc. Nos. 9, 10); Defendant's Motion for Summary Judgment and memorandum in support, (Doc. Nos. 15, 16); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 17), recommending that this Court grant the Defendant's Motion for Summary Judgment; Plaintiff's Objections to the M&R, (Doc. No. 18); and Defendant's Response to Plaintiff's Objections to the M&R, (Doc. No. 19).

**I.  BACKGROUND**

A. Procedural Background

Plaintiff Leslie Lee Meadows ("Plaintiff") seeks judicial review of Nancy A. Berryhill's ("Defendant" or "Commissioner") denial of his social security claim. In May 2014, Plaintiff applied for Disability Insurance Benefits under Title II of the Social Security Act ("SSA") and Supplemental Security Income under Title XVI of the SSA. (Doc. No. 8 to 8-8: Administrative Record ("Tr.") at 208, 216). Initially, Plaintiff alleged that he became disabled on November 27,

2013 due to degenerative disc disease, blood clot disease, and atrial fibrillation. (Id.). Later, prior to a hearing held on October 20, 2015, Plaintiff amended his alleged disability date to January 29, 2014. (Id. at 228). The ALJ found that Plaintiff was not disabled according to the standards of the SSA from January 29, 2014 through December 29, 2015, the date of the ALJ's decision. (Id. at 26–34). Plaintiff requested review of the ALJ's decision by the Appeals Council, but the Appeals Council denied the request, consequently making the ALJ's decision the Defendant's final decision. (Id. at. 1). Plaintiff now seeks judicial review of the decision under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

The Magistrate Judge filed an M&R on March 3, 2017, concluding that the ALJ properly assessed Plaintiff's residual functional capacity ("RFC") based on all the evidence on record, including Plaintiff's complaints and the opinions of Dr. Alexander Powers. (Doc. No. 17 at 7). Therefore, the Magistrate Judge recommended that Plaintiff's motion be denied and the Social Security Administration's motion be granted. (Id. at 9). Plaintiff filed an Objection to the M&R on March 17, 2017. (Doc. No. 18). On March 31, 2017, Defendant filed a Reply to Plaintiff's Objection to the M&R. (Doc. No. 19). The pending motions are ripe for adjudication.

B. Factual Background

Neither party has objected to the Magistrate Judge's statement of the factual background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection

is made." Id. at § 636(b)(1)(C); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. Fed. R. Civ. P. 72(b). Nonetheless, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Id. Ultimately, a district judge is responsible for the final determination and outcome of the case, and accordingly, this Court has conducted a careful review of the Magistrate Judge's M&R.

Regarding review of the Commissioner's decision, the SSA, 42 U.S.C. § 405(g) and § 1383(c)(3) limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla, and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782

F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401) (brackets in original); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff objects to the M&R, asserting two arguments. First, Plaintiff asserts that the Magistrate Judge erred in confirming the ALJ's determination of Plaintiff's RFC. (Doc. No. 18 at 2–6). Second, Plaintiff argues that the Magistrate Judge erred in finding that the ALJ did not abuse his discretion when he offered Plaintiff a closed period of disability at a hearing only to later issue an unfavorable decision. (Id. at 6–9). After review of the record, the Court agrees with, and adopts, the Magistrate Judge's M&R and grants Defendant's Motion for Summary Judgment.

### A. The ALJ properly concluded Plaintiffs RFC

A claimant's RFC is "'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work." Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015). "To make this assessment, the ALJ must 'consider all of [the claimant's] medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." Id. In

4

his decision, the ALJ found that Plaintiff had the RFC "to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)." (Tr. 29).

In his motion for summary judgment, Plaintiff asserts that his credible testimony illustrated why he cannot work at any exertional level, "sedentary or otherwise." (Doc. No. 10 at 8). Plaintiff also points to the opinion evidence of Dr. Alexander K. Powers, Plaintiff's treating neurosurgeon, to support his argument. (Id. at 9). The Magistrate Judge's M&R concluded the ALJ's relied on substantial evidence to determine that Plaintiff's testimony was less than credible. (Doc. No. 17 at 6). Furthermore, the M&R noted that the ALJ may give treating physicians' opinions less weight if it is "not supported by clinical evidence or if it is inconsistent with other substantial evidence…." (Id. at 5–6) (quoting Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001)). In his objections, Plaintiff recapitulates his testimony after a blanket assertion that he is in fact credible. (Doc. No. 18 at 4). Plaintiff also points to Dr. Powers' March 10, 2016 statement—a letter created after the ALJ's decision—stating that the Court should treat it as new and material evidence warranting a change in the ALJ's decision. (Id. at 5).

Looking first to Plaintiff's testimony, the Court finds that the ALJ relied on substantial evidence in determining that Plaintiff was less than credible. After summarizing Plaintiff's testimony, the ALJ stated that "[t]he record does not support [Plaintiff's] allegation that he has been continuously disabled since January 2014." (Tr. 31). Specifically, the ALJ recalls conflicting reports in the record, including a medical examination completed in September 2014, notes from Dr. Powers from January 2015, and reports from May, August, and September 2015. (Tr. 31–32). These medical records contradict the testimony of Plaintiff. (Id.). Even after his latest surgery on September 29, 2015, the ALJ noted Dr. Powers noted no limitations in sitting, standing, or walking

and the ALJ further concluded that Plaintiff's abilities would continue to increase throughout the recover. (Tr. 32–33).

Next, the Court turns to the ALJ's reliance on the findings and conclusions of Dr. Powers. In moving for summary judgment, Plaintiff argued that Dr. Powers' findings supported Plaintiff's argument that he could not perform work even at a sedentary level. (Doc. No. 10 at 9–10). As the M&R correctly pointed out, substantial evidence justified the ALJ's conclusion that Dr. Powers' reports did not limit Plaintiff any more than to a full range of sedentary work. (Doc. No. 17 at 6). For instance, Dr. Powers' limitation preventing Plaintiff from twisting, bending, lifting, pulling or pushing anything over ten pounds were prescribed for only four weeks as post-operative restrictions. (Tr. 32).

In his objections, Plaintiff does not attack the Magistrate Judge's interpretation of Dr. Powers' reports the ALJ actually relied on. Rather, Plaintiff turns to a March 10, 2016 report by Dr. Powers which was created after the ALJ's decision. This report states, "I do not believe that Mr. Meadows will be capable of returning to work in the future." (Tr. 646). Plaintiff submitted this new report to the Appeals Council, which nonetheless confirmed the decision of the ALJ to deny Plaintiff's application for disability. (Tr. 1–5). In doing so, the Appeals Council concluded that "the additional evidence does not provide a basis for changing the Administrative Law Judge's decision." (Id. at 2). Plaintiff argues that his letter should be treated as new and material evidence warranting a change in the ALJ's decision. (Doc. No. 18 at 5). Although the Magistrate Judge's M&R does not address this new letter, this Court has reviewed the record and agrees with the Appeals Council.

"When a claimant submits to the Appeals Council 'new and material evidence relating to the period on or before the date of the ALJ decision,' the Appeals Council is required to consider

that evidence when deciding whether to grant review over an ALJ decision." Parham v. Comm'r of Soc. Sec., 627 F. App'x 233 (4th Cir. 2015) (quoting Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93 (4th Cir.1991)). Evidence is considered new if it is not duplicative or cumulative. Meyer v. Astrue, 662 F.3d 700, 705 (4th Cir.2011). Evidence is material if one could reasonably determine that the new evidence would have changed the outcome of the ALJ's decision. Id. If the Appeals Council considers the new evidence but ultimately denies review, this Court must consider that new evidence along with rest of the administrative record as a whole. Parham, 627 F. App'x at 233. If this Court determines that evidence is in fact new and material, it may issue a sentence six remand and "order additional evidence to be taken before the Commissioner of Social Security." 42 U.S.C.A. § 405(g). Such an order to remand is only appropriate "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Id.

The March 10, 2016 report from Dr. Powers is based on a visit with Plaintiff on February 25, 2016. (Id.). The decision of the ALJ is dated December 29, 2015. (Id. at 23). While Dr. Powers' letter may postdate the ALJ's decision, the date alone does not disqualify new evidence from being considered new and material. In fact, the evidence "need not have existed during that period, but rather must be considered if it has any bearing upon whether the claimant was disabled during the relevant period of time." Outlaw v. Colvin, No. 5:11-CV-647-FL, 2013 WL 1309372, at *3 (E.D.N.C. Mar. 28, 2013) (citing Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987)).

In Meyer v. Astrue, 662 F.3d 700, 703 (4th Cir. 2011), the Fourth Circuit remanded a decision back to the ALJ to reconsider new evidence. In that case, the court determined that the ALJ must consider an opinion letter written by a claimant's treatment physician, even though the letter was written after the ALJ's decision. The court explained that the ALJ's decision was not

based on substantial evidence because the ALJ's original reasoning was based in part on the lack of a treating physician's determination of the claimant's limitations. Id. at 707. Not only did this new letter fill in an evidentiary gap noted by the ALJ, it also corroborated another doctor's opinion the ALJ previously rejected. Id.

District Courts have limited the applicability of Meyer to those cases where an evidentiary gap exists in the medical record. Clevenger v. Colvin, No. 2:16-CV-14, 2016 WL 6236316, at *5 (N.D.W. Va. Oct. 25, 2016) (citing Turner v. Colvin, 2015 WL 751522, at *5–6 (D.S.C. Feb. 23, 2015); Miller v. Colvin, 2014 WL 2208119, at *4 (W.D.N.C. May 28, 2014); Davis v. Astrue, 2012 WL 4479252, at *3 (D.S.C. Sept. 27, 2012)). Upon review, this Court notices a similar gap in the ALJ's decision of Plaintiff's record. After summarizing Plaintiff's medical history, the ALJ recognized that there were "no detailed examination findings since the most recent surgery in September 2015." (Tr. 32). So, to fill in this gap, the ALJ turned to Plaintiff's testimony, which stated that recovery from this latest surgery would take up to a year and that he was prevented from bending or lifting over ten pounds. (Id.). The ALJ also relied on a statement by Dr. Powers conducted within the same month of Plaintiff's procedure which detailed post-operative limitations for the next four weeks. (Id.).

Plaintiff's new evidence is yet another opinion from Dr. Powers—the very doctor the ALJ relied upon to fill in the gap after Plaintiff's September 2015 operation. (Tr. 646). The Court notes that the ALJ relied upon this Doctor considerably throughout his decision and that there is a significant difference in the doctor's conclusions. As such, Meyer would suggest that this Court cannot find that the ALJ relied upon substantial evidence in reaching his conclusions when new evidence contradicts what was laid out in the decision. As in Meyer, "[t]he Appeals Council made the new evidence part of the record but summarily denied review of the ALJ decision. Thus, no

fact finder has … attempted to reconcile that evidence with the conflicting and supporting evidence in the record." Meyer, 662 F.3d at 707. As conflicting evidence, it is the role of the fact finder to assess Dr. Powers' new letter. Id.

However, this case differs in one crucial aspect from Meyer. As Defendant points out, Dr. Powers' new letter contains no opinions regarding Plaintiff's functional limitations. (Doc. No. 19 at 2). Rather, the letter is little more than a bare conclusion. (Id.). Such conclusions resemble administrative findings that are dispositive of a case and therefore constitute opinions reserved for the Commissioner. 20 C.F.R. § 404.1527(d)–(d)(1) (clarifying that "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."). Furthermore, no special significance is given to a source's opinion on issues reserved for the Commissioner. Id. at § 404.1527(d)(3).

Dr. Powers' letter does not specify Plaintiff's specific limitations. More importantly, the Court recognizes the gap in the ALJ's evidence was of "*detailed* examination findings since [Plaintiff's] most recent surgery in September 2015." (Tr. 32) (emphasis added). Because the new letter lacks details regarding Plaintiff's limitation, it does not fill the gap of evidence recognized by the ALJ and therefore distinguishes this case from Meyers. In fact, the physician's opinion in Meyers specified the claimant's limitations. The treating physician's opinion "described [the claimant's] back injury and surgery and … opined that [the claimant's] 'long term restrictions include no lifting greater than 10 pounds, avoid bending, stooping, squatting, and no sitting, standing or walking for more than 30 minutes without rest periods.'" Meyer, 662 F.3d at 703. As a blanket conclusion, Dr. Powers' new letter has little evidentiary value. 20 C.F.R. § 404.1527(d); see also, Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996) (stating "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be

9

accorded significantly less weight."). The Court therefore returns to the evidence the ALJ used to fill in the evidentiary gap after Plaintiff's September 2015 surgery and finds that there was significant evidence to justify limiting Plaintiff's RFC to the full range of sedentary work.

> B. <u>The ALJ did not abuse his discretion by offering a closed period of disability at a hearing to later issue an unfavorable decision</u>

Plaintiff's second argument suggests that the ALJ abused his discretion by offering a closed period of disability to Plaintiff only to issue a completely unfavorable decision after that offer was refused. (Docs. Nos. 10 at 10, 18 at 6). While Plaintiff offers no legal support to suggest that the ALJ abused his discretion, he does point to a subsequent decision made by Disability Determination Services ("DDS") which found Plaintiff disabled as of December 30, 2015—a day after the ALJ's decision. (Doc. No. 10 at 10). Plaintiff argues that because DDS found Plaintiff disabled less than nine months after the ALJ's decision, and because Plaintiff's condition had not been exacerbated in that time, "ALJ Hicks's decision to penalize Mr. Meadows for not accepting a closed period of disability amounts to an abuse of discretion and the decision to deny benefits should be reversed." (<u>Id.</u> at 11).

In his M&R, the Magistrate Judge was not persuaded by Plaintiff's arguments. Neither is this Court. As the M&R notes, "Plaintiff cites no authority in support of his argument that the ALJ's subsequent unfavorable decision amounted to an abuse of discretion." (Doc. No. 17 at 7). Furthermore, the DDS decision alone is not determinative of warranting a remand of the Commissioner's decision. As the Magistrate Judge correctly points out, courts have not held subsequent benefit awards as sufficient alone to mandate a sentence six remand. (Doc. No. 17 at 8). The M&R cites <u>Atkinson v. Astrue</u>, No. 5:10-CV-298-FL, 2011 WL 3664346, at *14 (E.D.N.C. July 20, 2011) to support this conclusion. This case adopted the rule of a Sixth Circuit

case, Allen v. Comm'r of Soc. Sec., which held, "A subsequent favorable decision may be supported by evidence that is new and material under § 405(g), but the decision is not itself new and material evidence." 561 F.3d 646, 653 (6th Cir. 2009).

Plaintiff objects to the use of Sixth Circuit precedent to determine the influence of subsequent awards and their effect on determining a remand. (Doc. No. 18 at 9). However, courts within the Fourth Circuit have continued build upon the rule in Atkinson and Allen. See, e.g., Howard v. Comm'r, Soc. Sec. Admin., No. CIV. SAG-10-3175, 2013 WL 588999, at *4 (D. Md. Feb. 13, 2013); Turner v. Colvin, No. CV ADC-16-3432, 2017 WL 3446767, at *5 (D. Md. Aug. 10, 2017); Johnson v. Astrue, No. 3:09-2458-JMC-JRM, 2010 WL 6089082, at *8 (D.S.C. Nov. 16, 2010); Sayre v. Astrue, No. 3:09-01061, 2010 WL 4919492, at *4 (S.D.W. Va. Nov. 29, 2010); Dickens v. Comm'r, Soc. Sec. Admin., No. CIV. SAG-12-3708, 2013 WL 5340921, at *4 (D. Md. Sept. 20, 2013). This Court finds the above cases persuasive and adopts the rule that a subsequent decision alone is not new and material evidence. As such, this Court agrees with the Magistrate Judge's M&R and finds that the ALJ did not abuse his discretion when rendering an unfavorable decision after previously offering Plaintiff a closed period of disability.

IV. **CONCLUSION**

After careful review of the ALJ's decision, the record, and the Parties' motions and briefs and all the arguments therein, the Court finds that the ALJ's determination of Plaintiff's RFC was supported by substantial evidence and that the ALJ did not abuse his discretion when he offered Plaintiff a closed period of disability only to subsequently render an unfavorable decision.

**IT IS THEREFORE ORDERED,** that:

1. The Court **ADOPTS** the Magistrate Judge's M&R, (Doc. No. 17), as its own;

2. Plaintiff's Motion for Judgment on the Pleadings, (Doc. No. 9), is **DENIED**;

3. Defendant's Motion for Summary Judgment, (Doc. No. 15), is **GRANTED**;

4. The Clerk of the Court is directed to close this case.

Signed: October 11, 2017

Robert J. Conrad, Jr.
United States District Judge